# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

QUENTIN H. TAHARA,

      Plaintiff - Appellant,

v.

MATSON TERMINALS, INC.,

      Defendant - Appellee.

No.  05-17306

D.C. No.  CV-04-00224-HG/LEK

**JUDGMENT**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 22 2008

at ___ o'clock and ___ min. ___
SUE BEITIA, CLERK

 

Appeal from the United States District Court for the District of Hawaii (Honolulu).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District of Hawaii (Honolulu) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED**.

Filed and entered 12/27/07

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

JAN 18 2008

by _____ Deputy Clerk

FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

QUENTIN H. TAHARA,
 *Plaintiff-Appellant,*

v.

MATSON TERMINALS, INC.,
 *Defendant-Appellee.*

No. 05-17306

D.C. No.
CV-04-00224-HG/
LEK

OPINION

Appeal from the United States District Court
for the District of Hawaii
Helen Gillmor, District Judge, Presiding

Submitted November 5, 2007*
Honolulu, Hawaii

Filed December 27, 2007

Before: Diarmuid F. O'Scannlain, A. Wallace Tashima, and
Milan D. Smith, Jr., Circuit Judges.

Opinion by Judge Milan D. Smith, Jr.

---

*The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

16761

16762    TAHARA v. MATSON TERMINALS, INC.

## SUMMARY

### Labor and Employment/Workers' Compensation

The court of appeals affirmed a judgment of the district court. The court held that the Longshore and Harbor Workers' Compensation Act (LHWCA) authorizes an award of attorney fees for work performed to secure a late payment award for the employee.

An administrative law judge awarded appellant Quentin Tahara $104,163.81 under the LHWCA to compensate him for an injury he suffered while he was employed by appellee Matson Terminals. Under 33 U.S.C. § 914(f) of the LHWCA, Matson Terminals had ten days to pay Tahara after the compensation order was filed and served. The compensation check was delivered to Tahara's attorney in a timely manner, but the attorney returned the check to Matson Terminals, stating that he was not authorized to accept it and that it should be sent directly to Tahara. Tahara received his compensation check seventeen days after the filing and service of the compensation order. Tahara filed a first complaint in district court to enforce a supplementary order issued by the District Director of the Office of Workers' Compensation Programs, U.S. Department of Labor, which declared that Tahara was entitled to a late payment award under the LHWCA equaling 20% of the initial compensation award because Matson Terminals's payment was not timely. Tahara subsequently dismissed his district court complaint after learning that Matson Terminals's claims administrator had filed a complaint before the State of Hawaii Office of Disciplinary Counsel (ODC) alleging ethical violations by Tahara's attorney relating to his attempt to obtain additional payment for Tahara for the untimely compensation payment. Tahara filed a second complaint in district court to enforce the supplementary order. The district court granted Tahara judgment on the pleadings. Tahara petitioned the district court to obtain $31,500 in attorney fees for work

performed to secure the late payment award, $20,000 of
which were allegedly incurred while Tahara's attorney
defended himself before the ODC. The district court referred
the petition to a magistrate judge, and adopted the judge's rec-
ommendation that Tahara be awarded $6,060 in attorney fees.

Tahara appealed.

[1] Under § 928(a), an award of reasonable attorney fees is
authorized when an employer disputes liability for compensa-
tion, "declines to pay any compensation on or before the thir-
tieth day after receiving written notice of a claim for
compensation" and the claimant subsequently utilizes an
attorney to prosecute his claim. [2] The plain language of the
LHWCA supports interpreting a § 914(f) late payment award
as "compensation," so that an award of attorney fees would
be available for an attorney's work to secure such an award.
[3] Further, the compensation scheme set forth in the
LHWCA recognizes both the employees' interest in receiving
a prompt and certain recovery for their industrial injuries and
the employers' interest in having their contingent liabilities
identified as precisely and as early as possible. If attorney's
fees were not available in connection with § 914(f), employ-
ees would be discouraged from seeking late payment awards,
which would undermine the LHWCA's purpose of ensuring
prompt payment to employees. [4] Finally, the legislative his-
tory of the LHWCA suggests that Congress intended awards
under § 914 to be "compensation." [5] Therefore, § 928(a) of
the LHWCA authorizes fees for work an attorney performs to
secure a late payment award under § 914(f), and the district
court judgment had to be affirmed to the extent it was based
on services rendered by Tahara's attorney to secure the late
payment award.

[6] Section 928(c) of the LHWCA authorizes the district
court to approve attorney fee awards for work done "before"
the court. [7] Section 928(c) did not authorize an attorney fees
award for work performed by Tahara's attorney in preparation

16764    TAHARA v. MATSON TERMINALS, INC.

for the ODC proceeding, because that work was not performed "before" the district court. To the extent the district court reduced the award to Tahara on this basis, the attorney fees award reduction had to be affirmed.

[8] In calculating attorney fees under a federal fee-shifting statute, courts use the "lodestar method," which requires multiplication of the number of hours reasonably expended on the litigation by a reasonable hourly rate. [9] In calculating the number of hours reasonably expended, a district court is to exclude hours that are excessive, redundant, or otherwise unnecessary. The court of appeals grants considerable deference to a district court's determination as to what hours are excessive, redundant, or otherwise unnecessary. [10] The district court's explanation that some of the hours spent by Tahara's attorney drafting the initial district court complaint and memorializing phone conversations with opposing counsel were "duplicative" was sufficiently concise and clear as to constitute a proper exercise of its discretion. The district court judgment had to be affirmed.

---

## COUNSEL

Joshua T. Gillelan II, Longshore Claimants' National Law Center, Washington, DC, for the plaintiff-appellant.

Michael J. Nakano, Frame Formby & O'Kane, Honolulu, Hawaii, for the defendant-appellee.

---

## OPINION

MILAN D. SMITH, JR., Circuit Judge:

Plaintiff-appellant Quentin Tahara appeals the amount of attorney's fees awarded to him by the district court under the

Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901-50. In the district court, Tahara requested $31,500 in fees for work his attorney allegedly performed to secure a late payment award under § 914(f) of the LHWCA from Tahara's former employer, Defendant-appellee Matson Terminals, Inc. The district court awarded Tahara only $6,060 in attorney's fees. We affirm because the district court properly excluded fees not available under § 928(c) of the LHWCA and appropriately exercised its discretion in excluding duplicative fees.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2003, an administrative law judge awarded Tahara $104,163.81 under the LHWCA to compensate him for an injury he suffered in Matson Terminals's employee parking lot. A compensation order to that effect was filed and served on Matson Terminals on September 19, 2003. Under § 914(f) of the LHWCA, Matson Terminals had ten days to pay Tahara. On September 25, 2003, Matson Terminals's claims administrator, John Mullen & Co., delivered the compensation check to Tahara's attorney. Tahara's attorney returned the check to Matson Terminals's offices by mail, stating that he was not authorized to accept it and that it should be sent directly to Tahara. On October 6, 2003, seventeen days after the filing and service of the compensation order, Tahara received his compensation check.

At Tahara's request, the District Director of the Office of Workers' Compensation Programs, U.S. Department of Labor issued a supplementary order declaring that, under § 914(f) of the LHWCA, Tahara was entitled to a late payment award equaling 20% of the initial compensation award because Matson Terminals's payment was not timely. In March 2004, Tahara filed a complaint in district court under 33 U.S.C. § 918(a) to enforce this supplementary order. Tahara subsequently dismissed his district court complaint after learning that the President of John Mullen & Co. had filed a complaint

against Tahara's attorney before the State of Hawaii Office of Disciplinary Counsel ("ODC"). The ODC complaint alleged ethical violations by Tahara's attorney relating to his attempt to obtain additional payment for Tahara under § 914(f).

A month later, Tahara filed a second complaint in district court to enforce the supplementary order. The district court granted Tahara judgment on the pleadings. The court concluded that the supplementary order was in accordance with the law because a § 914(f) late payment award is mandatory if the employer's payment of a compensation award is untimely, regardless of equitable considerations.

Tahara petitioned the district court to obtain fees for work his attorney performed to secure the late payment award. Tahara requested $31,500 in attorney's fees for 126 hours of work. Over $20,000 of the requested fees were allegedly incurred while Tahara's attorney defended himself before the ODC. The court referred the petition to a magistrate judge who recommended a fee award of $6,060. The district court adopted the magistrate judge's recommendation and this appeal followed.

## JURISDICTION AND STANDARD OF REVIEW

We review a district court's award of attorney's fees for abuse of discretion. *Fischel v. Equitable Life Assurance Soc'y*, 307 F.3d 997, 1005 (9th Cir. 2002) (citing *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1118 (9th Cir. 2000)). Any elements of legal analysis that figure into the fee determination are subject to de novo review, and we review underlying factual determinations for clear error. *Id.* (citing *Fischer*, 214 F.3d at 1118). We have jurisdiction under 28 U.S.C. § 1291.

TAHARA V. MATSON TERMINALS, INC.          16767

## DISCUSSION

**A.    The Availability Of Attorney's Fees For Work Performed To Secure A Late Payment Award Under § 914(f) Of The LHWCA.**

Under § 914(f) of the LHWCA, "[i]f any compensation, payable under the terms of an award, is not paid within ten days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 per centum thereof . . . ." 33 U.S.C. § 914(f). This circuit has yet to consider whether the LHWCA authorizes attorney's fees for work an attorney performs to secure a late payment award under § 914(f). We hold that it does.

[1] Section 928(a) of the LHWCA authorizes reasonable attorney's fees when an employer disputes liability for compensation and "declines to pay any *compensation* on or before the thirtieth day after receiving written notice of a claim for *compensation* having been filed from the deputy commissioner . . . [and the claimant] thereafter . . . utilized the services of an attorney at law in the successful prosecution of his claim." 33 U.S.C. § 928(a) (emphasis added). Thus, if a late payment award under § 914(f) is "compensation," fees are available for an attorney's work to secure such an award. In *Newport News Shipbuilding and Dry Dock Company v. Brown*, 376 F.3d 245, 251 (4th Cir. 2004), the Fourth Circuit concluded that late payment awards under § 914(f) are compensation. *See also Ingalls Shipbuilding, Inc. v. Dalton*, 119 F.3d 972, 977 (Fed. Cir. 1997) (holding that late payment awards under § 914(e) of the LHWCA are compensation). We find the Fourth Circuit's reasoning persuasive.

" 'The starting point for our interpretation of a statute is always its language.' " *United States v. Fei Ye*, 436 F.3d 1117, 1120 (9th Cir. 2006) (quoting *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 739 (1989)). If the plain language of a statute is ambiguous or its language "does not

resolve an interpretive issue," we may look to the statute's legislative history. *SEC v. McCarthy*, 322 F.3d 650, 655 (9th Cir. 2003) (citation omitted).

[2] In this case, the LHWCA's plain language supports that a § 914(f) late payment award is compensation. The LHWCA defines compensation as "money allowance payable to an employee . . . as provided for in [the LHWCA]." 33 U.S.C. § 902(12). A § 914(f) award falls squarely within this definition: it is "a money allowance payable to an employee" who was due a basic compensation award under the LHWCA. *See Newport News Shipbuilding & Dry Dock*, 376 F.3d at 248.

The LHWCA's plain language does not require that this court characterize an award under § 914(f) as a penalty or fine rather than compensation. The LHWCA expressly characterizes at least nine types of payments it authorizes as "penalties" or "fines." *Id.* at 249; *Ingalls Shipbuilding*, 119 F.3d at 977 (listing the LHWCA provisions that expressly provide for "penalities" or "fines"). But the statute never refers to a § 914(f) award as a penalty or fine. Moreover, § 944(c)(3) of the LHWCA specifies that penalties and fines are to be paid into a "special fund," while employers make § 914(f) payments directly to claimants. *Newport News Shipbuilding & Dry Dock*, 376 F.3d at 249.

While both the Ninth Circuit and the Supreme Court have occasionally referred to payments under § 914(f) as "penalties," the cases where they have done so are not controlling as none of them dealt with whether attorney's fees are available when a claimant attempts to secure payment under § 914(f). *See, e.g., Pallas Shipping Agency, Ltd. v. Duris*, 461 U.S. 529, 533 (1983); *Hanson v. Marine Terminals Corp.*, 307 F.3d 1139, 1141 (9th Cir. 2002); *Providence Wash. Ins., Co. v. Dir., Office of Workers' Comp. Programs*, 765 F.2d 1381, 1385 (9th Cir. 1985). In these cases, the courts' use of the term "penalty" can best be understood as "a convenient way of distinguishing the [§ 914(f)] payment from the under-

lying award." *See Ingalls Shipbuilding*, 119 F.3d at 978-79.
*Providence Washington Insurance* illustrates that the Ninth
Circuit's prior use of the word "penalty" in conjunction with
§ 914(f) is not significant. In that case, the court stated that
§ 914(f) is "in essence a penalty provision," but also stated
that § 914(f) requires the payment of "additional *compensa-tion*." 765 F.2d at 1385 (emphasis added).

[3] Though we conclude that the plain language of
LHWCA supports our determination that § 914(f) awards are
compensation, we note that numerous other considerations
support this determination as well. The compensation scheme
set forth in the LHWCA recognizes both "the employees'
interest in receiving a prompt and certain recovery for their
industrial injuries," as well as "the employers' interest in hav-ing their contingent liabilities identified as precisely and as
early as possible." *Potomac Elec. Power Co. v. Dir., Office of
Workers' Comp. Programs*, 449 U.S. 268, 282 (1980). If
attorney's fees were not available in connection with § 914(f),
employees would be discouraged from seeking late payment
awards, which would undermine the LHWCA's purpose of
ensuring prompt payment to employees. *See Newport News
Shipbuilding & Dry Dock Co.*, 376 F.3d at 250.

[4] Finally, the legislative history of the LHWCA suggests
that Congress intended awards under § 914 to be compensa-tion. *Id.* at 250-51. Since the LHWCA's enactment in 1927,
the title of what is now § 914 has remained "payment of com-pensation." *See* 44 Stat. 1432 (1927). Moreover, until its
repeal in 1972 for unrelated reasons, § 914(m), which capped
the total amount of compensation an employee could receive
in certain circumstances, specified that "in applying [the] lim-itation there shall not be taken into account . . . any amount
of *additional compensation required to be paid under* [§ 914]
*for delay or default in the payment of compensation*." 70 Stat.
655 (1956). This language confirms that Congress considered
awards for "delay or default" to be "additional compensa-tion."

16770        TAHARA V. MATSON TERMINALS, INC.

[5] Although the Second Circuit has concluded otherwise, *see Burgo v. Gen. Dynamics Corp.*, 122 F.3d 140 (2d Cir. 1997), we find its reasoning unpersuasive. In *Burgo*, the Second Circuit found it to be "common sense that payments under [§ 914(f)] are . . . penalties" because the statutory language differentiates between the § 914(f) payment and compensation. *Id.* at 145-46. The court pointed to § 914(f)'s directive that "there shall be added to such unpaid compensation an amount equal to 20 per centum thereof, which shall be paid . . . in addition to [ ] such compensation." *Id.* In our view, this language does not differentiate between a § 914(f) award and compensation as the Second Circuit suggests. While it is true that the term "such compensation" refers to "unpaid compensation," which is the amount due under the original compensation award, the statute's language does not preclude a determination that an award payable under § 914(f) is also compensation. *See* 33 U.S.C. § 914(f). We therefore hold that § 928(a) of the LHWCA authorizes fees for work an attorney performs to secure a late payment award under § 914(f).

## B. The District Court Properly Excluded Fees Unavailable Under Section 928(c).

Tahara challenges the district court's decision to exclude from its fee calculation the hours that Tahara's attorney spent defending himself before the ODC. Though the parties have not discussed § 928(c), we "may affirm the district court for any reason supported by the record," *United States v. Ortega-Ascanio*, 376 F.3d 879, 885 (9th Cir. 2004) (citation omitted), and we conclude that the district court properly excluded these hours under § 928(c).

[6] Section 928(c) of the LHWCA sets forth the manner by which the district court is to approve the fee awards authorized elsewhere in § 928. It states that "[i]f any proceedings are had before the Board or any court for review of any action, award, order or decision, *the Board or court may approve an attorney's fee for the work done before it by the*

attorney for the claimant." 33 U.S.C. § 928(c) (emphasis
added). Thus, by its plain language, § 928(c) precludes fees
for work not done "before" the court awarding fees. This
court confirmed this rule in *Stevedoring Services of America
v. Price*, 432 F.3d 1112, 1113-14 (9th Cir. 2006). In that case,
we declined to award attorney's fees under § 928(a) to a
LHWCA claimant for the time his attorney spent "success-
fully opposing his employer's" petition for certiorari before
the Supreme Court. *Id.* at 1113-14. Even though the Supreme
Court had issued an order denying the claimant's fee applica-
tion "without prejudice to filing in the . . . Ninth Circuit," we
concluded that because the attorney's work "was necessarily
not done 'before' *this* court," we lacked jurisdiction to award
such fees under § 928(c). *Id.* (emphasis added).

[7] Similarly, Tahara requests fees for the hours his attor-
ney spent preparing his defense of the ODC proceeding—
proceeding separate from the district court action to enforce
the supplementary order. Thus, regardless of the impact,
any, of the ODC proceeding on the district court proceeding
§ 928(c) does not permit fees for any of these hours because
work to prepare for the ODC proceeding was not done "be-
fore" the district court.

## C. The District Court Acted Within Its Discretion Excluding Attorney's Fees For Duplicative Work

Tahara also challenges the district court's decision
exclude from its fee calculation some of the hours that h
attorney spent drafting the initial district court complaint th
Tahara voluntarily dismissed, and the time his attorney spe
memorializing phone conversations with opposing couns
We conclude that the district court acted within its discreti
in excluding these hours.

[8] To determine reasonable attorney's fees, the distr
court adopted the magistrate judge's analysis, wh
employed the "lodestar method." Use of the "lodestar me

16772    TAHARA v. MATSON TERMINALS, INC.

od" to calculate attorney's fees under a federal fee-shifting statute is proper. *See Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003) (citing *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)). The lodestar method requires the court to multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 432 (1983); *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). Tahara challenges only the district court's calculation of the hours reasonably expended.

[9] In calculating the number of hours reasonably expended, a district court is to exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434; *Van Gerwen*, 214 F.3d at 1045 (citation omitted). This court grants "considerable deference" to a district court's determination as to what hours are "excessive, redundant, or otherwise unnecessary." *Van Gerwen*, 214 F.3d at 1047. "The district court need only provide a 'concise but clear explanation of its reasons' for reducing the numbers of hours included in the fee award." *Id.* (quoting *Hensley*, 461 U.S. at 437).

[10] In this case, the district court excluded some of the time that Tahara's attorney spent drafting the initial district court complaint and the time he spent memorializing phone conversations with opposing counsel. The district court explained that it found these hours "duplicative." Given the district court's " 'superior understanding' " of the underlying litigation, it is in the best position to make this determination. *Id.* (quoting *Hensley*, 461 U.S. at 437). We find the court's explanation that these hours were "duplicative" sufficiently concise and clear to conclude that the district court did not abuse its discretion.

## CONCLUSION

For the reasons explained above, we **AFFIRM** the district court's award of attorney's fees.

MOATT   INVATT
x        i

INTERNAL USE ONLY: Proceedings include all events.
05-17306 Tahara v. Matson Terminals

QUENTIN H. TAHARA
    Plaintiff - Appellant

Mark . McDougal, Esq.
Suite 202
[COR LD NTC ret]
KAFOURY & McDOUGAL
320 SW Stark Street
Portland, OR 97204-6305

Joshua T. Gillelan, II
FAX 202/787-3832
202/625-8331
Ste. 500
[COR LD NTC ret]
LONGSHORE CLAIMANTS' NATIONAL
LAW CENTER
1101 30th St. NW
Washington, DC 20007

Jay Lawrence Friedheim, Esq.
FAX 808/528-1818
808/545-5454
Ste. 503
[COR LD NTC ret]
HASEKO CENTER
820 Mililani St.
Honolulu, HI 96813

    v.

MATSON TERMINALS, INC.
    Defendant - Appellee

Michael J. Nakano
FAX 808/545-3065
808/545-3043
Suite 575
[COR LD NTC ret]
FRAME FORMBY & O'KANE
500 Ala Moana Blvd.
Honolulu, HI 96813

Robert G. Frame, Esq.
FAX 808/545-3065
808/545-3043
Ste. 575
[COR LD NTC ret]
FRAME FORMBY & O'KANE
500 Ala Moana Blvd.
4 Water Plaza
Honolulu, HI 96817